UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| IRA D. SOCOL, | ) |
| Plaintiff | ) |
| v. | ) No. 3:18cv00090 |
| ALBEMARLE COUNTY SCHOOL BOARD | ) |
| and | ) |
| MATTHEW S. HAAS, individually and as Superintendent of Albemarle County Public Schools, | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR DISREGARD EXTRANEOUS MATERIALS

Plaintiff Ira D. Socol, by counsel, requests that the Court grant its Motion to Strike or Disregard Extraneous Materials, and in support thereof, states as follows:

PRELIMINARY STATEMENT

Pursuant to the Court's leave given during the January 28, 2019 hearing on Defendants' Motion to Dismiss, Defendant filed a Supplemental Memorandum in Support of Defendants' Motion to Dismiss (ECF No. 15) (the "Supplemental Memorandum") for the purpose of responding to the enhanced allegations made in the Amended Complaint (ECF No. 13) and the argument offered in Plaintiff's February 7, 2019 letter to the Court. The Supplemental Memorandum grounds much of its argument in four exhibits: the press release (Exhibit A), the report (Exhibit B), a March 6, 2018 email (Exhibit C), and a June 14, 2018 email (Exhibit D).

1

The emails (Exhibits C and D, the "Emails") are extraneous to the Amended Complaint in that they are not integral to its allegations, directed towards factual questions irrelevant to the sufficiency of the Amended Complaint, and tendentious absent the context provided by discovery.

ARGUMENT

When a defendant moves to dismiss under Rule 12(b)(6), a court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). If a court goes beyond these documents during the pleading stage of litigation, then it "improperly converts the motion to dismiss into a motion for summary judgment." Id. "Such conversion is not appropriate where the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co., 637 F.3d at 448. Indeed, both parties have indicated their desire to that the Court not convert Defendants' Motion to Dismiss to a motion for summary judgment.

The Court may consider a document attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint," and when the document's authenticity is unchallenged. Zak, 780 F.3d at 606 (quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)); see also Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166, 2016 WL 2621262 (4th Cir. 2016) (finding that inclusion of quotes and references to a document was not, by itself, enough to "integrate" the document wholesale). The press release and report are referred to in the Amended Complaint and are integral to it. However, the Emails are not integral to the Amended Complaint. The Amended Complaint only identifies the March

2

6, 2018 email (Ex. C) to allege that it has been misconstrued by Defendants in the report, an allegation that (i) should be accepted as true by the Court at this stage of the ligation and (ii) can only be verified or falsified by placing that particular email in its wider context through discovery. And the Amended Complaint does not even so much as allude to the June 14, 2018 email (Ex. D).

Accordingly, the Emails should not be considered by the Court at this stage of the litigation. Moreover, by attaching the Emails to the Supplemental Memorandum, Defendants implicitly concede that they are unable to challenge the sufficiency of the allegations contained in the Amended Complaint, and instead seek to challenge the accuracy of such allegations. But the accuracy of such allegations is not properly before the Court on Defendants' Motion to Dismiss. At this stage of the litigation, neither the Plaintiff nor the Court are in a position to evaluate the Emails in their full context (which would include subsequent emails in the same email chain, as well as other evidence) without the benefit of discovery. Were to the Court to consider the Emails on Defendants' Motion to Dismiss, it would disadvantage the Plaintiff with the very "information asymmetry" that discovery seeks to remedy. See Fed. R. Civ. 26(b), advisory comm. notes (2015).

Accordingly, Plaintiff Ira D. Socol respectfully moves the Court to strike Exhibits C and D to the Supplemental Memorandum and any argument made pursuant to those exhibits, and confine its inquiry on Defendants' Motion to Dismiss solely to the sufficiency of Plaintiff's allegations contained in the Amended Complaint, assuming such allegations to be true and giving the Plaintiff the benefit of every reasonable inference to be drawn from them.

3

Case 3:18-cv-00090-GEC    Document 17    Filed 02/22/19    Page 3 of 5    Pageid#: 197

Respectfully Submitted,

                                                            **Ira D. Socol**
                                                            By Counsel

\_\_\_\_/s/Jeffrey R. Adams_____
Jeffrey R. Adams (Virginia State Bar No. 43411)
Lucas I. Pangle (Virginia State Bar No. 90963)
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401
Telephone: 540-885-0199
Facsimile: 540-213-0390
Email: jadams@wawlaw.com
        lpangle@wawlaw.com
*Counsel to Ira D. Socol*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys registered with the ECF system.

    Jennifer D. Royer, Esq.
    Royer Law Firm, P.C.
    PO Box 4525
    Roanoke, Virginia 24015
    jroyer@royerlawfirm.com
    *Counsel for Defendants*

        /s/ Jeffrey R. Adams
    Jeffrey R. Adams (Virginia State Bar No. 43411)
    Lucas I. Pangle (Virginia State Bar No. 90963)
    Wharton, Aldhizer & Weaver, PLC
    125 S. Augusta Street
    Staunton, Virginia 24401
    Telephone: 540-885-0199
    Facsimile: 540-213-0390
    Email: jadams@wawlaw.com
          lpangle@wawlaw.com
    *Counsel to Ira D. Socol*

5

Case 3:18-cv-00090-GEC   Document 17   Filed 02/22/19   Page 5 of 5   Pageid#: 199