UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| IRA D. SOCOL, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.: 3:18cv00090 |
| v. | ) |
| | ) |
| ALBEMARLE COUNTY | ) |
| SCHOOL BOARD, *et al*. | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF MATTHEW S. HAAS

Defendant Matthew S. Haas, by counsel, submits the following answer and defenses to the plaintiff's First Amended Complaint.

### FIRST DEFENSE

Counts I and III have been dismissed against this Defendant by prior order of this Court. Accordingly, no response is required to those Counts.

### SECOND DEFENSE

Defendant denies that he breached any duty or obligation to the plaintiff or otherwise committed any intentional torts against plaintiff.

### THIRD DEFENSE

Defendant denies that he caused any injury to the plaintiff or that the plaintiff was injured in the nature and to the extent alleged in the Complaint.

### FOURTH DEFENSE

Defendant denies that he is indebted to the plaintiff under any theory of law and denies that the plaintiff is entitled to any of the relief or damages claimed or sought in this case.

## FIFTH DEFENSE

Defendant denies that he violated any of the plaintiff's rights under federal statutory or state common law.

## SIXTH DEFENSE

Defendant is entitled to qualified immunity.

## SEVENTH DEFENSE

Defendant reserves the right to rely upon any and all affirmative defenses which may become known throughout discovery or through evidence presented at trial.

## EIGHTH DEFENSE

Without waiving the foregoing Defenses, and expressly relying on the same, the defendant states as follows:

1. The Introduction paragraph does not require a response from this defendant.

2. Defendant admits the allegations contained in paragraph 2.

3. Paragraph 3 contains conclusions of law to which no response is required.

4. Defendant admits the allegations contained in paragraph 4.

5. Paragraphs 5-6 of the First Amended Complaint contain conclusions of law that do not require a response from this defendant.

6. Paragraphs 7-9 contain conclusions of law to which no response is required.

7. Upon information and belief, defendant admits the allegations contained in paragraphs 10-11.

8. With respect to the allegations contained in paragraph 12, defendant admits that he and Ms. Collins interviewed the plaintiff for an open position in DART and that he was

subsequently hired for that position. Defendant denies the remaining allegations contained in paragraph 12.

9. Defendant denies the allegations contained in paragraphs 13-19.

10. With respect to the allegations contained in paragraph 20, defendant admits that plaintiff was named as CTIO in April of 2018. Defendant denies the remaining allegations contained in paragraph 20.

11. Defendant denies the allegation contained in paragraph 21.

12. With respect to the allegations contained in paragraphs 22-23, defendant admits that this statement and these ratings are contained in a revised version of the plaintiff's performance review. The original review contained negative comments, which were removed from the final report after the plaintiff met with the defendant and agreed to make changes in his behavior as requested.

13. Defendant denies the allegations contained in paragraph 24.

14. This defendant lacks sufficient information to admit or deny the allegations contained in paragraphs 25-26.

15. Defendant admits the allegations contained in paragraph 27.

16. Defendant denies the allegations contained in paragraphs 28-29.

17. With respect to the allegations contained in paragraph 30, defendant admits that around that time, plans were announced for a pilot high school center to open in August of 2018. Defendant denies the remaining allegations contained in paragraph 30.

18. With respect to the allegations contained in paragraph 31, defendant admits only that he discussed the creation of a charter and a steering committee to move the pilot high school project forward. Defendant denies the remaining allegations contained in paragraph 31.

19. With respect to the allegations contained in paragraph 32, defendant admits only that he received an email from the plaintiff with the plaintiff's thoughts on the pilot high school center and steering committee staffing. As to the exact language of the document, the document will speak for itself. The remaining allegations contained in paragraph 32 are denied.

20. Defendant admits the allegations contained in paragraph 33.

21. With respect to the allegations contained in paragraph 34, defendant admits only that the pilot high school center would contain space for LEAD, a professional learning center with meeting space and a model classroom, and a technical high school setting. Defendant denies the remaining allegations contained in paragraph 34.

22. Defendant admits the allegations contained in paragraphs 35-36.

23. Defendant denies the allegations contained in paragraph 37.

24. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 38.

25. With respect to the allegations contained in paragraph 39, Defendant admits that the Steering Committee proposed hiring Ms. Greenhalgh to assist with the purchase of furniture for the pilot high school center and that the plaintiff objected to hiring her based on a misunderstanding of Building Services' capacity. Defendant denies the remaining allegations contained in paragraph 39.

26. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 40.

27. With respect to the allegations contained in paragraph 41, defendant admits that Ms. Wolfe prepared proposals at the request of the plaintiff and that her proposal was presented

to the Steering Committee. Defendant denies the remaining allegations contained in paragraph 41.

28. With respect to the allegations contained in paragraph 42, defendant admits only that Ms. Wolfe presented recommendations to the Steering Committee from commercial websites that were not under an approved contract with the School Board, that Ms. Snoddy was going to select carpet, and that Ms. Wolfe's recommendations were placed on a spreadsheet. Defendant denies the remaining allegations contained in paragraph 42.

29. With respect to the allegations contained in paragraph 43, the defendant admits only that Ms. Wolfe's recommendations were identified on a spreadsheet that noted in which section of the pilot high school center the items would be used and the purchase information. Defendant denies the remaining allegations contained in paragraph 43.

30. Defendant denies the allegations contained in paragraph 44.

31. Defendant admits the allegations contained in paragraph 45.

32. With respect to the allegations contained in paragraph 46, defendant admits only that the total purchases exceeded $50,000. Defendant denies the remaining allegations contained in paragraph 46, including that the pilot high school center was broken down into different projects.

33. With respect to the allegations contained in paragraph 47, defendant admits that no one item of furniture exceeded $5,000 but denies the remaining allegations contained in paragraph 47, including the implication that furniture purchases could permissibly be made piecemeal so long as no one item exceeded $5,000.

34. Defendant denies the allegations contained in paragraph 48.

35. With respect to the allegations contained in paragraph 49, Defendant lacks sufficient information to admit or deny what communications the plaintiff had with others but denies that the plaintiff informed him of his purchasing plan for furniture at any time prior to making such purchases. Defendant denies the remaining allegations contained in paragraph 49.

36. With respect to the allegations contained in paragraph 50, defendant admits that the impermissible nature of the plaintiff's purchases caught the attention of Mr. Winder, who addressed his concerns about the violations with the plaintiff. Defendant denies the remaining allegations contained in paragraph 50.

37. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 51.

38. With respect to the allegations contained in paragraph 52, defendant admits that the School Board's purchasing procedures, purchasing manual, and training opportunities were discussed at a cabinet meeting in June of 2018. Defendant denies the remaining allegations contained in paragraph 52.

39. With respect to the allegations contained in paragraphs 53-55, defendant lacks sufficient information to admit or deny such allegations as he was not a party to any such meeting, but defendant admits that he was subsequently informed that the plaintiff met with an Assistant County Attorney, who informed the plaintiff that his purchases violated County policy and the Virginia Public Procurement Act, and that Mr. Winder informed the plaintiff that if the Board did not vote to ratify the purchases that the plaintiff would be personally responsible for paying for them as they were made in violation of School Board policy.

40. With respect to the allegations contained in paragraph 56, the defendant admits only that he was not fully aware of the extent of the plaintiff's policy violations at the time the

Board met to decide whether to ratify the plaintiff's purchases. Defendant denies the remaining allegations contained in paragraph 56.

41. With respect to the allegations contained in paragraph 57, defendant admits only that the School Board took two votes to ratify the plaintiff's purchases and that after the second vote the Board ratified the purchases.

42. Defendant denies the allegations contained in paragraph 58.

43. Defendant admits that allegations contained in paragraph 59 with respect to the Board members' positions are true, denies that he was the one to share that information with the plaintiff, and further states that the complete email will speak for itself.

44. With respect to the allegations contained in paragraph 60, defendant admits that Mr. Gray and Dr. Keiser met with Mr. Socol to investigate the School Board's concerns that the plaintiff violated policy and the Virginia Public Procurement Act and that the plaintiff, who had avoided meeting with them for weeks, was aware of the nature of the meeting. Defendant denies the remaining allegations contained in paragraph 60.

45. Defendant denies the allegations contained in paragraph 61.

46. With respect to the allegations contained in paragraph 62, defendant admits that the School Board used the furniture purchased by the plaintiff. Defendant denies the remaining allegations contained in paragraph 62.

47. Defendant denies the allegations contained in paragraphs 63-64.

48. With respect to the allegations contained in paragraph 65, defendant states that the text messages speak for themselves and denies all allegations inconsistent with those documents.

49. With respect to the allegations contained in paragraph 66, defendant admits that he held a meeting with Mr. Socol, Dr. Keiser, and Mr. Downs, that he advised Mr. Socol that he

7

was being terminated, that Mr. Socol had no grievance rights as a non-licensed administrator, that the School Board was willing to permit the plaintiff to resign in lieu of termination, and that his separation agreement would include a standard confidentiality provision, which was designed to protect the plaintiff's privacy. Defendant denies the remaining allegations contained in paragraph 66.

50. Defendant denies the allegations contained in paragraph 67.

51. With respect to the allegations contained in paragraph 68, Defendant admits that Mr. Socol did not admit to any misconduct during the July 27, 2018, meeting but states that Mr. Socol did admit to purchasing policy violations to him by email and in his meeting with Mr. Gray and Dr. Keiser during their investigation prior to the plaintiff's termination.

52. Defendant admits the allegations contained in paragraph 69 and states that his termination was dated after 9:00 AM on August 1 as a courtesy to plaintiff to enable the plaintiff to obtain all possible benefits to which he would be entitled under the School Board's compensation plan.

53. Defendant denies the allegations contained in paragraph 70.

54. With respect to the allegations contained in paragraphs 71-72, Defendant states that the School Board's policies speak for themselves and no response is required.

55. Defendant denies the allegations contained in paragraph 73.

56. Defendant admits the allegations contained in paragraphs 74-75.

57. Defendant denies the allegations contained in paragraphs 76-81.

58. Defendant admits the allegations contained in paragraph 82.

59. Defendant denies the allegations contained in paragraphs 83-89.

60. Defendant admits the allegations contained in paragraphs 90-91.

61. Defendant denies the allegations contained in paragraphs 92-95.

62. Defendant admits that the allegations contained in paragraph 96.

63. Defendant denies the allegations contained in paragraphs 97-99.

64. Defendant admits the allegations contained in paragraphs 100-101.

65. Defendant denies the allegations contained in paragraphs 102-104.

66. Defendant lacks sufficient information to admit or deny the allegations contained in paragraphs 105-109.

67. Defendant denies the allegations contained in paragraphs 110-117.

68. The Court has dismissed Count I; accordingly, paragraphs 118-124 require no response from this defendant.

69. With respect to the allegations contained in paragraph 125, defendant incorporates his response to paragraphs 1-124.

70. Defendant denies the allegations contained in paragraphs 126-131.

71. The Court has dismissed Count III; accordingly, paragraphs 132-135 require no response from this defendant.

72. With respect to the allegations contained in paragraph 136, defendant incorporates his response to paragraphs 1-135.

73. With respect to the allegations contained in paragraph 137, Defendant admits that he discussed the plaintiff's termination with others in the ordinary course of performing his job requirements or after learning that Mr. Socol had first discussed his termination with that person.

74. Defendant denies the allegations contained in paragraphs 138-143.

75. Paragraph 144 requires no response from this defendant; however, this defendant also demands trial by a jury.

76. Defendant denies that the plaintiff is entitled to the relief requested in his prayer for relief or to any relief whatsoever.

77. Defendant denies all allegations not expressly admitted herein.

78. Defendant denies that First Amended Complaint states a claim for punitive or liquidated damages.

    MATTHEW S. HAAS

    /s/ Jennifer D. Royer
    Jennifer D. Royer, VSB # 68099
    ROYER LAW FIRM, P.C.
    Post Office Box 4525
    Roanoke, Virginia 24015
    540-788-2982 Telephone
    540-675-4093 Facsimile
    jroyer@royerlawfirm.com
    Counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2019, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey R. Adams
Lucas I. Pangle
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401

    MATTHEW S. HAAS

    /s/ Jennifer D. Royer
    Jennifer D. Royer, VSB # 68099
    ROYER LAW FIRM, P.C.
    PO Box 4525
    Roanoke, Virginia 24015
    540-788-2982 Telephone
    540-675-4093 Facsimile

jroyer@royerlawfirm.com
Counsel for defendant