UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| IRA D. SOCOL, | )<br>) |
|       Plaintiff | )<br>)<br>) |
| v. | )   Case No. 3:18cv00090<br>)<br>) |
| ALBEMARLE COUNTY SCHOOL BOARD | )<br>) |
|    and | )<br>) |
| MATTHEW S. HAAS, individually and as Superintendent<br>   of Albemarle County Public Schools, | )<br>)<br>) |
|       Defendants. | )<br>) |

**JOINT REPORT OF RULE 26(f) CONFERENCE**

Now come the parties, by and through their respective counsel, and submit this report of their conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

On September 24, 2019, the Parties held their Rule 26(f) Conference, as required by the Federal Rules of Civil Procedure, with counsel of record appearing for Plaintiff, Ira D. Socol ("Plaintiff") and Defendant Matthew S. Haas ("Defendant"), Defendant Albemarle County School Board ("ACPS") having been dismissed from this action. During and as a result of the Conference, the Parties discussed the Court's September 19, 2019 Scheduling Order (the "Scheduling Order"). The parties provide the following Rule 26(f) report:

    1)     **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

    The parties have no changes to make at this time.

**2) <u>Date when initial mandatory disclosures were or will be made.</u>**

The Parties agree to adopt the deadlines for Rule 26(a)(1) Initial Disclosures established in the Scheduling Order.

**3) <u>Subjects on which discovery may be needed.</u>**

a) The facts and circumstances related to the termination of Plaintiff's employment with ACPS including, without limitation, the rationale for such decision, the identity of the decision-maker(s) and Defendant's involvement (if any) in such decision;

b) The facts and circumstances related to any statements (written, oral or otherwise) made and/or publicized by Defendant related to the termination of Plaintiff's employment with ACPS;

c) The defenses asserted by Defendant;

d) Other issues relating to the parties' pleadings, claims, and defenses in this matter.

**4) <u>Disclosure or discovery of electronically stored information.</u>**

Discovery and production of electronically stored information (ESI) will proceed as provided by the Federal Rules of Civil Procedure, including, but not limited to Rule 26(b)(2) and Rule 34(a).

The parties further agree as follows as to the form of production:

a) Electronic or media based information will be produced in native format.

b) Paper documents can be produced in their physical form or as PDF readable files.

Counsel for both parties represent that their clients have been advised to preserve ESI during the course of this litigation. The parties also agree that an alternate method of ESI production will be discussed if native files are only readable using proprietary or licensed software not available to the requesting party.

**5)     Date by which discovery should be completed.**

The parties agree that discovery should be completed by June 12, 2020, pursuant to the Court's Scheduling Order.

**6)     Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

The parties agree that no such changes are needed at this time.

**7)     Any orders, e.g., protective orders, which should be entered.**

The parties have agreed to cooperate and present a protective order to the Court for its approval, if necessary, to facilitate the exchange of confidential information in discovery.

**8)     Privileges.**

The Parties will adhere to the procedure set forth in Fed. R. Civ. P. 26(b)(5)(A) with respect to privileged information. The Parties further agree that, as provided by Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of documents or information that the producing party contends to be privileged or protected shall not be deemed a waiver of any privilege or protection, provided that the producing party promptly requests the return of the same upon discovering the inadvertent production. Pursuant to Rule 26(f)(3)(D), the parties discussed issues relating to claims of privilege or work product protection and have agreed to produce a privilege log identifying generally the document and the privilege asserted for all documents protected by the privilege. No party will be required to put on the privilege log documents that

chronicle communications between the parties and their respective counsel made in relation to or in anticipation of this litigation if such documents were generated after the filing of this action.

**9)** **Any objections to the initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

The parties have no such objections at this time.

**10)** **Proposed deadline for joining other parties and amending the pleadings.**

The parties agree that the deadline for joining other parties and amending the pleadings shall be June 12, 2020, pursuant to Paragraph 12 of the Scheduling Order.

**11)** **Proposed deadline for filing motions other than motions for class certification.**

The parties agree to follow the deadlines for the filing of motions listed in the Scheduling Order.

**12)** **Proposed Trial Date.**

The parties do not object to current July 28-31, 2020 trial date.

**13)** **Settlement.**

Counsel for the parties have agreed to confer with their clients concerning the potential for early settlement discussions in this matter.

**14)** **Service.**

The parties agree that service may be made by email to the email addresses for counsel of record when the pleading or paper to be served will not be filed through the Court's electronic filing system.

Respectfully submitted this 2nd day of October 2019.

>By:     s/ Jeffrey R. Adams
>Jeffrey R. Adams (VSB No. 43411)
>Lucas I. Pangle (VSB No. 90963)
>Wharton, Aldhizer & Weaver, PLC
>125 S. Augusta Street
>Staunton, Virginia 24401
>Telephone: 540-885-0199
>Facsimile: 540-213-0390
>Email: jadams@wawlaw.com
>      lpangle@wawlaw.com
>*Counsel to Ira D. Socol*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys registered with the ECF system.

Jennifer D. Royer, Esq.
Royer Law Firm, P.C.
PO Box 4525
Roanoke, Virginia 24015
jroyer@royerlawfirm.com
*Counsel for Defendant*

       s/ Jeffrey R. Adams
Jeffrey R. Adams (VSB No. 43411)
Lucas I. Pangle (VSB No. 90963)
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401
Telephone: 540-885-0199
Facsimile: 540-213-0390
Email: jadams@wawlaw.com
      lpangle@wawlaw.com
*Counsel to Ira D. Socol*