UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| IRA D. SOCOL, ) | |
| Plaintiff ) | |
| v. ) | |
| ) | |
| ALBEMARLE COUNTY SCHOOL BOARD ) | Civil Action No. 3:17cv00090 |
| and ) | |
| MATTHEW S. HAAS, individually and as Superintendent ) | |
| of Albemarle County Public Schools, ) | |
| Defendants ) | |
| ) | |

## DECLARATION OF ROSS J. HOLDEN

I, Ross J. Holden, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I, Ross J. Holden, am over the age of 18 and competent to testify as to the matters set forth below.

2. I am currently employed as the School Board Attorney for the Albemarle County School Board ("School Board") and Albemarle County Public Schools ("ACPS").

3. On April 2, 2021, I received by email from Jeffrey Adams, Esq., counsel for plaintiff Ira Socol in the above-captioned matter, a Subpoena and Notice of a 30(b)(6) Deposition ("Notice") that was later served on the School Board on April 14, 2021. A copy of the Subpoena and Notice is attached as Exhibit A.

4. The Notice calls for representatives of the ACPS to be produced for depositions on April 29, 2021, with respect to many matters unrelated to the issues in this litigation.

5. Upon receipt of the Notice, I began to identify and meet with current ACPS employees who, I ascertained, may have knowledge as to, at least, some of the matters for examination enumerated by plaintiff. I soon discovered that numerous representatives, some of whom are no longer employed by the ACPS would be necessary to respond to plaintiff's overbroad areas of inquiry and that the time and effort they would be forced to devote to preparation would be extensive. The following addresses briefly the expansive undertaking that would be needed to comply with plaintiff's demands.

Socol Personnel Matters

6. Paragraph (a) to Exhibit A of plaintiff's Notice calls for "each personnel action taken by the ACPS with regard to Ira B. Socol, including, without limitation, actions to hire, review, promote,

1

investigate, and/or terminate Mr. Socol." With respect to each such action that occurred over a period of more than five (5) years, plaintiff wants the representative to have knowledge as to every process, practice, and policy related to any such action.

7. Mr. Socol also seeks information related to what authority the School Board has granted to the Superintendent or other employees to make personnel decisions on behalf of the School Board. Such information would be germane only to Mr. Socol's wrongful termination claim and breach of contract action made in Counts I and III of his lawsuit, which this Court previously dismissed.

8. In response to the Notice, I met, initially, with the ACPS Assistant Superintendent for Organizational Development & Human Resource Leadership and Director of the Human Resources Department, both of whom are current employees. Neither can address all of the items referenced in the Notice, which means that they both would be required to appear. In addition, they would be compelled to locate, speak to, and obtain information from other current and former employees, some of whom have left the area entirely.

9. The request seeks information related to the "identity and activities of all personnel," including the elected Albemarle County School Board members, who may have been involved "in any way" in Mr. Socol's personnel actions during his time with ACPS. This request is extraordinarily broad as it includes not only elected officials who have served on the School Board during Mr. Socol's employment, but also every member of every hiring panel for every position to which Mr. Socol applied (which is several), Mr. Socol's supervisors in the various positions, and any employee who may have addressed any personnel related matter for Mr. Socol, including human resources staff and other employees. Researching such information, tracking down the witnesses, reviewing the documents, and becoming fluent in all personnel matters for Mr. Socol under the terms of the request would become a full-time job for the School Board's designee.

10. These demands are particularly burdensome and harassing because they exceed reasonable areas of inquiry for Mr. Socol's case, which no longer involves any claims related to his employment or termination by the School Board and which now only involves a federal liberty interest claim under 42 U.S. 1983 and a state law claim of defamation related to statements purportedly made by Dr. Haas, for which this Court has already determined the School Board is not responsible. The circumstances of such matters as Socol's hiring, personnel evaluations, and changes of position within the ACPS are extraneous to the current claims still in issue.

A-Tech Steering Committee

10. In Paragraph (b) of the Notice, plaintiff catalogs as matters for examination the "formation and activities of, and any investigations or internal communications related to the A-Tech Steering Committee." The Steering Committee to which plaintiff refers was chartered, among other things, to lease a facility to house A-Tech (renamed "Center I"), which is a new high

2

school center, develop its educational program, design and build-out the leased space for a school, and procure furniture and equipment. This multi-faceted effort involved at least eighteen (18) Steering Committee members and stakeholders having diverse responsibilities who engaged in varied activities needed to create and open the school.

10. The extensive effort needed to invent the high school center required the participation of the Steering Committee and other team members across a variety of disciplines during a period of time that extended from February-August 2018. The Steering Committee's role was to "provide advice, ensure delivery of the project outputs, and promote the achievement of project outcomes."

11. Upon receipt of the Notice, I contacted Ms. Lindsay Snoddy, ACPS Deputy Director of Building Services, who was a member of the Steering Committee and often scheduled its meetings. Ms. Snoddy was the Project Manager responsible for developing and maintaining the Project Charter and project schedules, executing project reviews, and tracking and disposing of issues and change requests. However, she does not have substantive knowledge as to the specific roles and functions of every Steering Committee team member and other employees who comprised the project team or assisted with respect to the particular actions and deliverables.

12. To develop sufficient knowledge to testify as to the information sought related to the A-Tech committee, Ms. Snoddy would have to interview individuals and conduct research, including reviewing all documentation, related to the School Board's decision to charter the school, the deliberations surrounding the nature and extent of the charter, the individuals selected to serve on the steering committee and their respective skills and qualifications, and the scope of responsibilities for the committee.

13. From there, she would be required to interview individuals and conduct research, including reviewing any committee and subcommittee documentation, into the work performed by more than eighteen individuals with multi-faceted experience, including committee members with responsibility for (1) staffing, (2) infrastructure, (3) equipment, (4) recruitment and admissions, (5) transportation, (6) food services and child nutrition, (7) construction, (8) fiber installation, (9) security, (10) building operations, (11) budget and maintenance, (12) professional development, and (13) communications and press events.

14. In addition to these key committee responsibilities, other ACPS employees were tapped to participate in Steering Committee activities as needed, and Ms. Snoddy would be required to track down those individuals, interview them to determine what their relevant knowledge was, review any documentation they possessed related to such knowledge, and become conversant enough in their work to testify to it on behalf of the School Board.

15. Sometimes, subcommittees comprised of Steering Committee members working together on the same aspect of school development would convene separately. Because she was not

privy to all of these discussions, Ms. Snoddy would have to meet with these individuals to prepare adequately for the wide array of topics plaintiff has noticed.

16. She would also have to meet with Mr. Socol to discuss the activities he undertook in his role as Project Sponsor.

17. To perform such preparation for her deposition as corporate designee would require Ms. Snoddy to cease her work as the Deputy Director of Building Services and devote her full time and attention to preparation for the deposition. Depending on the availability of witnesses to submit to interviews with Ms. Snoddy, such work could take months.

18. In the alternative, the ACPS would be obliged to make available for depositions as many witnesses as necessary to satisfy plaintiff's demands for discovery on these largely irrelevant topics, which would impose a tremendous burden on the resources of ACPS, which is no longer a party to this lawsuit.

19. Much of this information is already in the possession of the plaintiff, who was one of the Project Sponsors. As a Project Sponsor, Mr. Socol had "ultimate authority over and [wa]s responsible for [the] project and/or program, its scope and deliverables." Mr. Socol, perhaps more than anyone, would be able to provide information about the activities of the Steering Committee over which he presided. Further, Ms. Wolfe, who is no longer employed by the ACPS, worked for and reported directly to Mr. Socol so he would have the best knowledge as to her activities and communications regarding her role for the Steering Committee.

20. Dr. Pam Moran, the former ACPS Superintendent also has information related to the creation and development of A-Tech. She and Mr. Socol were partners in Socol Moran Partners LLC during their employment with the ACPS and remain so today. As such, she should be available to plaintiff to discuss her involvement in Steering Committee activities and her efforts in helping develop the high school center, which would not require the School Board to engage in such a laborious process.

21. Mr. Socol also seeks confidential personnel information related to any investigations into any actions taken by other Steering Committee members related to their work on the Steering Committee. As the only issues remaining in this case relate to whether Mr. Socol was provided a Fourteenth Amendment name-clearing hearing and whether Dr. Haas defamed him, the confidential personnel matters of other non-party employees is not relevant to any claim or defense in this case. Producing such information would deprive third-parties of their confidentiality but provide the parties with no relevant information to advance any claims or defenses in this matter.

22. Furthermore in an email dated April 2, 2021, plaintiff advised the undersigned that he intends to depose Ms. Debora Collins, Assistant Superintendent, who also served on the Steering Committee as a Project Sponsor, and Ms. Snoddy as fact witnesses in addition to the ACPS corporate designees. Requiring the ACPS to produce Ms. Snoddy and Ms. Collins, among

4

others, as deponents for Steering committee matters asserted in the Rule 30(b)(6) designation and then permitting Mr. Socol to depose them in their individual capacities with the ACPS on matters, including their work on the Steering Committee, would be excessive and burdensome for Ms. Snoddy and, potentially, Ms. Collins.

Public Procurement Policies and Enforcement

23. The final area of inquiry articulated in the Notice involves public procurement policies and their enforcement for the period January 1, 2014, to December 31, 2019, which was four years before Mr. Socol was terminated and approximately 1 ½ years after Mr. Socol was terminated by the ACPS. As I advised plaintiff by emails dated March 5, 2020, and March 29, 2021, public procurements and application of the Virginia Public Procurement Act and Albemarle County Purchasing Manual are handled by the Purchasing Department of the County of Albemarle on behalf of the ACPS. See Exhibit B. The School Board is unable to compel the testimony of Albemarle County employees.

24. Moreover, Mr. Socol seeks to have access to private personnel matters for employees who may have been investigated for violations of the procurement policies. As Mr. Socol's employment claims have been dismissed, such information is not relevant to his remaining claims and would serve only as a privacy violation for ACPS employees who are not parties to Mr. Socol's lawsuit as stated above.

25. Prior to preparing this Declaration, I have attempted to resolve these concerns with counsel for the plaintiff to no avail.

26. In summary, to comply with the Notice, the ACPS will be compelled to make multiple witnesses available for deposition who, in turn, will need to review voluminous documents created over an extensive period of time, find former employees who have resigned or retired and obtain information they may possess, and while doing so, ignore their job responsibilities to provide an education to over 14,000 students during this especially fraught and difficult time. Preparing witnesses to testify regarding the information that plaintiff seeks will inflict an enormous burden and disruption to the ACPS's educational operations. Most important, that burden is more onerous because the noticed topics have no relevance to the lawsuit's remaining claims or defenses and the demands are disproportionate to the needs of the case.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on this 16th day of April, 2021.

_____
Ross J. Holden, Attorney for Albemarle County Public Schools

5

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | | |
|---|---|---|
| Ira D. Socol | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17cv00090 |
| Albemarle County School Board & Matthew S. Haas | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Albemarle County Public Schools, c/o Ross Holden, 401 McIntire Road, Charlottesville, Virginia 22902

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: Please see attached Notice of 30(b)(6) Deposition

| Place: Cavalier Reporting & Videography<br>415 4th Street Northeast, Suite # 4<br>Charlottesville, Virginia 22901 | Date and Time:<br>04/29/2021 1:00 pm |
|---|---|

The deposition will be recorded by this method: Audio

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/13/2021

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ira D. Socol
_____, who issues or requests this subpoena, are:
Jeffrey R. Adams, 125 South Augusta Street, Suite 2000, Staunton, Virginia, 24401, (540) 885-0199

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:17cv00090

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| IRA D. SOCOL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 3:18cv00090 |
| ) | |
| ALBEMARLE COUNTY SCHOOL BOARD ) | |
| ) | |
| and ) | |
| ) | |
| MATTHEW S. HAAS, individually and as ) | |
| Superintendent of Albemarle County Public ) | |
| Schools, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF RULE 30(b)(6) DEPOSITION

TO: Albemarle County Public Schools
c/o Ross Holden, General Counsel
401 McIntire Road, Suite 333
Charlottesville, Virginia 22902

PLEASE TAKE NOTICE that the deposition of **the Albemarle County Public Schools** ("ACPS") will be taken by stenographic and/or videographic means before an officer duly authorized by law to administer oaths to begin on **April 29, 2021, at 1:00 p.m.**, at **Cavalier Reporting & Videography, 415 4th Street Northeast, Suite #4, Charlottesville, Virginia 22901**. The deposition is pursuant to Federal Rule of Civil Procedure 30(b)(6). Such deposition will be used for all proper purposes allowed under the Federal Rules of Civil Procedure. The matters for examination are set forth on **Exhibit A**, attached hereto. If for any reason the taking

of the deposition be not commenced on that day, or if commenced, but not completed on that day, the taking of the deposition will be continued from day to day at the same time and place until completed.

IRA D. SOCOL
By Counsel

Jeffrey R. Adams (VSB No. 43411)
Lucas I. Pangle (VSB No. 90963)
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401
Telephone: 540-885-0199
Facsimile: 540-213-0390
Email: jadams@wawlaw.com
lpangle@wawlaw.com
*Counsel to Ira D. Socol*

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2021, the foregoing pleading was mailed US Mail, first-class, postage pre-paid, and by electronic mail to the following:

Jennifer D. Royer, Esq.
Royer Law Firm, P.C.
PO Box 4525
Roanoke, Virginia 24015
jroyer@royerlawfirm.com
*Counsel for Defendant Matthew S. Haas*

*Counsel to Ira D. Socol*

## Exhibit A
## Matters for Examination

Plaintiff lists the following matters for examination.

a. Each personnel action taken by ACPS with regard to Ira D. Socol, including, without limitation, actions to hire, review, promote, investigate, and/or terminate Mr. Socol. With regard to each such action, the matter for examination includes the following: the process used in order to determine and execute such action; the personnel policies of ACPS related to such actions, including the authority of the superintendent and/or others to take such actions; the existence and contents of relevant documents in possession of ACPS related to such action; and the identity and activities of all personnel, including employees and officers of ACPS and members of the Albemarle County School Board, who participated in any way in such action.

b. The formation and activities of, and any investigations or internal communications related to, the A-Tech Steering Committee. With regard to the Committee, matter for examination includes the following: the process used to establish and populate the committee; the creation and approval of the mandate of the Committee (including the time achedule for creating and executing the mandate); the deliberations and actions of the Committee and its members and staff regarding the acquisition of furnishings and other tangible personal property for the projects within the committee's purview; the existence and contents of relevant documents in the possession of ACPS related to the Committee (including, without limitation, any minutes or notes taken by Elodie Wolfe or any other person stored on ACPS information technology); any allegations regarding violations of any ACPS policy related to the activities of the Committee or any of its members or staff (including any investigations thereof); and the identity and

    activities of all personnel, including employees and officers of ACPS and members of the Albemarle County School Board, who participated in any way in the formation, deliberations and/or actions of the Committee.

c. The acquisition policies of ACPS, their promulgation to ACPS employees (in the form or written materials, training, or otherwise), and their enforcement during the time period beginning January 1, 2014 until December 31, 2019, including a statement of all instances of alleged violations of such policies by ACPS employees during the specified time period and the remedial or disciplinary action taken, if any, taken by ACPS in response to each such alleged violation.

21006186.DOCX

## Ross Holden

**From:** Ross Holden
**Sent:** Thursday, March 5, 2020 11:27 AM
**To:** Jeffrey Adams
**Cc:** 'Jennifer D. Royer'; 'Lucas Pangle'
**Subject:** Socol

Mr. Adams:

This email responds to your letter dated February 28, 2020. You have requested an email chain between Ira Socol and Elodie Wolfe that includes an email from Socol to Wolfe dated, May 25, 2018, at 8:00AM. Although I produced emails that were responsive to your request, I will provide you with Socol's email again and the earlier emails from Wolfe regarding a gas grill, refrigerators, and boxes in a warehouse that prompted Socol's 8:00AM reply. As you will see, this earlier email is not responsive to your subpoena.

I am still researching whether there are any text messages within the School Board's possession responsive to the subpoena and will provide to you any that I am able to locate that are not subject to the attorney-client privilege or work product doctrine or otherwise protected from disclosure.

Your request for an individual who may have information as to the Superintendent's authority to make personnel decisions for the School Division should be made to Ms. Royer who represents Dr. Haas in this matter.

With respect to your request to depose a representative to testify about the Steering Committee, it would be helpful to know the topics you intend to address so that I can attempt to identify the individual who may be best able to respond. The Steering Committee was involved with design and construction, leasing, furnishing and outfitting, programmatic issues, community relations, and other matters. For the most part, the Steering Committee's work is immaterial to your lawsuit which, I understand, is limited solely to claims related to that which Dr. Haas may have said about your client to third parties.

Public procurements and application of the Albemarle County Purchasing Manual and the Virginia Public Procurement Act are handled by the Purchasing Department of the County of Albemarle on behalf of the School Division. With respect to your request to depose a representative of the School Division with knowledge of alleged procurement violations of individuals not associated with this litigation, the School Division will not voluntarily agree to produce such a witness for deposition. These are personnel and disciplinary matters involving others unrelated to any issue or claim in this litigation.

1    EXHIBIT B

Last, as to schedule, I will be out of the office for most of April until Tuesday, April 21, 2020.

Sincerely,

Ross J. Holden

**Ross J. Holden**
School Board Attorney
Albemarle County Public Schools
401 McIntire Road
Charlottesville, Virginia 22902
Office: (434) 296-5820 ext. 13713
rholden@k12albemarle.org

**Ross Holden**

| | |
|---|---|
| From: | Ross Holden |
| Sent: | Monday, March 29, 2021 6:11 PM |
| To: | 'Jeff Adams' |
| Cc: | jroyer@royerlawfirm.com |
| Subject: | RE: [EXTERNAL]Fwd: 3:18-cv-00090-GEC Socol v. Albemarle County School Board et al |

Mr. Adams—

With respect to your email dated March 26, 2021, this will advise that I responded to your requests for deposition witnesses on March 5, 2020. The part of my email that addressed your request for depositions follows:

> "Your request for an individual who may have information as to the Superintendent's authority to make personnel decisions for the School Division should be made to Ms. Royer who represents Dr. Haas in this matter.
>
> With respect to your request to depose a representative to testify about the Steering Committee, it would be helpful to know the topics you intend to address so that I can attempt to identify the individual who may be best able to respond. The Steering Committee was involved with design and construction, leasing, furnishing and outfitting, programmatic issues, community relations, and other matters. For the most part, the Steering Committee's work is immaterial to your lawsuit which, I understand, is limited solely to claims related to that which Dr. Haas may have said about your client to third parties.
>
> Public procurements and application of the Albemarle County Purchasing Manual and the Virginia Public Procurement Act are handled by the Purchasing Department of the County of Albemarle on behalf of the School Division. With respect to your request to depose a representative of the School Division with knowledge of alleged procurement violations of individuals not associated with this litigation, the School Division will not voluntarily agree to produce such a witness for deposition. These are personnel and disciplinary matters involving others unrelated to any issue or claim in this litigation."

At this juncture, please send me a FRCP 30(b)(6) notice specifying the matters you wish to address with a member of the Steering Committee. I will then attempt to identify a person who will be able to respond to your inquiries. After doing so, I will coordinate with you and Ms. Royer to schedule a date for the deposition.

Sincerely,

1

Ross J. Holden

---

**From:** Jeff Adams <JAdams@wawlaw.com>
**Sent:** Friday, March 26, 2021 1:33 PM
**To:** Ross Holden <rholden@k12albemarle.org>
**Cc:** jroyer@royerlawfirm.com
**Subject:** [EXTERNAL]Fwd: 3:18-cv-00090-GEC Socol v. Albemarle County School Board et al

Dear Mr. Holden,

We remain interested in deposing a representative of ACPS on the matters identified in the letter attached below. Can you please let me know what dates suit you and your client in April?

Thanks very much.

Jeff Adams



**WHARTON ALDHIZER & WEAVER PLC**
ATTORNEYS & COUNSELLORS AT LAW

**Jeffrey R. Adams, Esq.**
**Wharton Aldhizer & Weaver, PLC**
100 South Mason Street | P.O. Box 20028
Harrisonburg, VA 22801
125 S. Augusta Street | Suite 2000
Staunton, VA 24401
Direct: (540) 213-7445 | Main: (540) 434-0316
Fax : (540) 213-0390
Email: jadams@wawlaw.com | Website: www.wawlaw.com

*This e-mail and any attachment may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

\>\>\> Jeffrey Adams 2/28/2020 3:16 PM \>\>\>
Dear Mr. Holden:

Attached please find a letter related to your client's response to our subpoena *duces tecum* and requesting deposition dates for a corporate representative of your client.

Best,

2

Jeff Adams



**WHARTON ALDHIZER & WEAVER PLC**
ATTORNEYS & COUNSELLORS AT LAW

**Jeffrey R. Adams, Esq.**
**Wharton Aldhizer & Weaver, PLC**
100 South Mason Street | P.O. Box 20028
Harrisonburg, VA 22801
125 S. Augusta Street | Suite 2000
Staunton, VA 24401
Direct: (540) 213-7445 | Main: (540) 434-0316
Fax : (540) 213-0390
Email: jadams@wawlaw.com | Website: www.wawlaw.com

*This e-mail and any attachment may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and have verified the sender email address and know the content is safe. Do not provide your ACPS login credentials in reply to any email. To report this as a spam message, please forward (as an attachment if possible) to spam@k12albemarle.org Thank you.