UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| IRA D. SOCOL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No.: 3:18cv00090 |
| v. | ) | |
| | ) | |
| ALBEMARLE COUNTY | ) | |
| SCHOOL BOARD, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

**<u>PROTECTIVE ORDER</u>**

With the consent of the parties, and the Court's finding that good cause exists for the entry of a Protective Order in this case, it is hereby ORDERED as follows:

1. This Protective Order (hereinafter "Order") is intended to govern the treatment of all information and documents within the scope of Rule 34 of the Federal Rules of Civil Procedure produced in the pretrial period of this litigation, including information and documents obtained as a result of discovery from non-parties. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties hereto, or by a subsequent order of the Court.

2. Except with the prior written consent of the party or other person originally designating a document as a confidential document or as hereinafter provided under this Order, no confidential document or information contained in a confidential document may be disclosed to any person except those set forth in Paragraph 3 below. A "Confidential Document" is any document which at the time of production bears the legend "CONFIDENTIAL" to signify that it contains a document that the parties agree may be withheld from public disclosure in order (a) to prevent embarrassment of individuals not parties to the litigation, (c) to protect the privacy

interests of the individuals identified in such documents, or (d) to protect the financial information of the individuals identified is such documents.

For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protections under this Order may be accorded status as a stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3.  Notwithstanding paragraph 2,

    a.  Confidential Documents may be disclosed to parties, counsel for the parties in this action who are actively engaged in the conduct of this litigation and to the partners, associates, secretaries, paralegals, assistants, and employees of such an attorney, the insurers of any party, to the extent reasonably necessary to render professional services in this litigation, court officials involved in this litigation (including court reporters), and to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    b.  Such documents may also be disclosed:

        i.  to the extent reasonably required for purposes of this litigation, to persons noticed for depositions or designated as trial witnesses provided that such persons also agree to be bound by the terms of this Protective Order; and

    ii. to outside consultants or experts retained for the purpose of assisting counsel in the litigation provided that such persons also agree to be bound by the terms of this Protective Order.

3. If a party or non-party who produces documents in response to discovery believes in good faith that any document is so sensitive that it should not be disclosed to the persons listed in Paragraph 3, the disclosing party may add a designation "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," in which event the document or other information may only be viewed by counsel of record (and staff at their respective firms, strictly as necessary) and may only be disclosed to the following:

 a. Persons who appear on the face of a designated document as an author, addressee, or recipient thereof;

 b. Where it is clear from the contents of the document or other evidence in this action that it was known to the proposed recipient before the litigation;

 c. Any outside expert witness retained for the purpose of consulting and/or testifying in this action;

 d. Any person retained to assist in the preparation of this action for trial, including photocopying, data processing, litigation support, graphic production, and trial or jury consulting firm or service provider, with disclosures only to the extent necessary to perform such work; and

 e. The Court and its officers by following the procedure for disclosing such information as set forth herein.

4. Any party, fact witness, expert, or consultant who is to review or use protected information shall be furnished with copies of the protected information and shall not show or

disclose any such protected information to anyone other than persons to whom disclosure is authorized by the terms of this Protective Order. Such party, fact witness, expert, or consultant shall also be furnished with a copy of this Protective Order, and shall be required to execute an acknowledgment letter of the type attached hereto, agreeing to abide by the terms of this Protective Order before the material is disseminated to the party, fact witness, expert, or consultant. The original acknowledgment letter executed by each party, fact witness, expert, or consultant who receives protected information shall be maintained by counsel and provided to opposing counsel at the conclusion of the case upon request from such opposing counsel. Each party, fact witness, expert, or consultant who receives protected information may review and use the protected information but shall not disclose the same to any other person or entity to whom disclosure is not authorized by the terms of this Protective Order and shall not use such protected information for any purpose other than discovery, trial, or settlement. Any recipient of such protected information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such protected information in order to ensure that the protected nature of the information is maintained.

5.   No person may refuse to answer any relevant question at a deposition on the sole ground that the question requires the person to reveal confidential information, if, as to such question, the deposition proceeds upon the following basis:  At the deposition, counsel for the designating party shall notify all other counsel on the record that the information being sought is designated "confidential" under this Order. Those portions of a deposition that are so designated shall be bound separately and stamped "CONFIDENTIAL" on each page. Prior to the witness answering deposition question(s) concerning the subject as to which confidentiality is claimed, all persons present shall be advised of the terms and conditions of this Order and, at the request

of the designating party, all persons not authorized to receive information under this Order shall leave the room during the time in which this material is disclosed or discussed.

6. In the event that information from a Confidential Document ("Confidential Material") is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript, or other paper filed with the Clerk of Court, the Confidential Material shall be filed in accordance with Local Rule 9.

7. Notwithstanding any other provision contained herein and without waiving any rights as to inadmissibility, and subject to the rules of evidence and any and all orders of the Court, a party may use stamped Confidential Documents for any purpose in the trial of this action, provided that counsel for the party who produced such material is given a reasonable opportunity prior to the time of such proposed use to seek a Court order providing additional protection for said material's confidential status.

8. The provisions of this Order shall not terminate at the conclusion of this action. Upon final conclusion of this action (including appeals and retrials) all stamped Confidential Documents shall be destroyed by the recipient or returned to the producing party within thirty (30) days next following the conclusion of this litigation (including any appeals). The Court shall retain jurisdiction over all recipients of protected information even after the conclusion of the litigation for purposes of enforcing the provisions of this Protective Order.

9. This Order may be amended by the agreement of counsel for the parties in the form of a further stipulated protective order. In the event the parties cannot agree as to any change or amendment of this Order, then either party may move the Court, at any time, upon appropriate notice, to amend this Order.

10. Nothing in this Order waives the right of any party to challenge the Confidential designation assigned to any item. If a party disagrees with the Confidential designation assigned to any item, that party shall send written notice to the designating party and their counsel, identifying the item(s) in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality may file a motion with the Court seeking a determination whether the items are properly subject to this Protective Order. All items designated as Confidential Material shall continue to be treated as Confidential Material by all parties even if a challenge has been raised until such time as the Court rules that the information or the documents are not Confidential Material and are not covered by this Order.

ENTERED this __23rd__ day of __May__, 2022.

_____
Joel C. Hoppe
Judge

Seen and agreed:


 /s/ Jennifer D. Royer
Jennifer D. Royer, VSB # 68099
ROYER LAW FIRM, P.C.
Post Office Box 4525
Roanoke, Virginia 24015
540-788-2982  Telephone
540-675-4093  Facsimile
jroyer@royerlawfirm.com
Counsel for defendant



 /s/ Jeffrey R. Adams
Jeffrey R. Adams, VSB #
Lucas I. Pangle, VSB #
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia  24401
540-885-0199   Telephone
540-213-0390   Facsimile
jadams@wawlaw.com
lpangle@wawlaw.com
Counsel for plaintiff



 /s/ Marc A. Peritz
Marc A. Peritz, VSB #39054
FLORA PETTIT
530 East Main Street
P.O. Box 2057
Charlottesville, Virginia 22902
434-979-1400   Telephone
434-977-5109   Facsimile
map@fplegal.com
Counsel for Dr. Pamela Moran

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, hereby acknowledge that I received documents and other information provided to me in connection with the litigation involving *Ira D. Socol v. Albemarle County School Board and Matthew Haas, individually and as Superintendent of Albemarle County Public Schools*, Civil Action No. 3:18-cv-00090 pending in the U.S. District Court for the Western District of Virginia. I certify that I have read a copy of the Protective Order entered in the above-referenced case, and I agree to use the protected information only for purposes of the above-referenced litigation and not for any other business or commercial purpose, and I further agree not to disclose any part of the protected information to any other person. I expressly agree to be bound by the Protective Order and to be subject to the personal jurisdiction of the Western District of Virginia. Furthermore, I agree not to make additional copies of the documents provided to me except for purposes of the above-referenced litigation, and I will return to counsel who provided to me all of the protected information I receive, including any copies, at the conclusion of this litigation.

_____  
Date

_____  
Name (Print)

_____  
Signature

_____  
Business Address